# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**APPROXIMATELY 598 TIRES SEIZED ON FEBRUARY 9, 2021;**<br><br>**APPROXIMATELY 476 TIRES SEIZED ON FEBRUARY 10, 2021; and**<br><br>**APPROXIMATELY 2,938 TIRES SEIZED ON FEBRUARY 11, 2021.** | **Civil Action No. 26-CV-00043-TFM** |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, brings this complaint in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of this complaint, the United States alleges as follows:

### NATURE OF THE ACTION

1. This is an *in rem* civil action to forfeit to the United States a total of approximately 4,012 tires, collectively referred to herein as the "Defendant Tires," pursuant to 19 U.S.C. § 1595(a).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over civil forfeiture actions commenced by the United States. *See* 28 U.S.C. §§ 1345, 1355.

3. This Court has *in rem* jurisdiction over the Defendant Tires because pertinent acts or omissions giving rise to this civil forfeiture action occurred in the Southern District of Alabama, and because the Defendant Tires were found in this district. *See* 28 U.S.C. § 1355(b)(1).

4. This Court also has venue over these civil forfeiture proceedings, because the Defendant Tires were found in this district. *See* 28 U.S.C. § 1395(b).

## THE DEFENDANT *IN REM*

5. The Defendant Tires consist of approximately 4,012 tires seized by U.S. Customs and Border Protection ("CBP") personnel in or about the following amounts on the following dates:

   a. On February 9, 2021, CBP seized approximately 598 Defendant Tires from a container onboard the vessel MSC York at the Port of Entry in Mobile, Alabama;

   b. On February 10, 2021, CBP seized approximately 476 Defendant Tires from a container onboard the vessel Maersk Ontario at the Port of Entry in Mobile, Alabama; and

   c. On February 11, 2021, CBP seized approximately 2,938 Defendant Tires from multiple containers onboard the vessel Maersk Taurus at the Port of Entry in Mobile, Alabama.

6. From the time of their seizure to the present, the Defendant Tires have remained in the United States' possession, custody, and control. Accordingly, the Clerk of Court must issue an arrest warrant for the Defendant Tires. SUPP. AMC R. G(3)(b)(i).

## STATUTORY BASIS FOR FORFEITURE

7. This is a civil action *in rem* brought to enforce the provisions of 19 U.S.C. § 1595a, which provides for forfeiture "of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law." In addition, 19 U.S.C. § 1595a(c)(1)(A) provides that "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows: The merchandise shall be seized and forfeited if it is stolen, smuggled, or clandestinely imported or introduced."

8. The Defendant Tires were introduced or attempted to be introduced into the United States contrary to 19 U.S.C. §§ 1481(a)(3), 1484(a)(1)(B), 1485(a)(3), and 18 U.S.C. § 542.

9. 19 U.S.C. § 1481(a)(3) provides in relevant part (added emphasis):

> (a) All invoices of merchandise to be imported into the United States and any electronic equivalent thereof considered acceptable by the Secretary in regulations prescribed under this section shall set forth, in written, electronic, or other such form as the Secretary shall prescribe, the following:
>
> > (3) A detailed description of the merchandise, including the commercial name by which each item is known, the grade or quality, ***and the marks, numbers, or symbols under which sold by the seller or manufacturer in the country of exportation***, together with the marks and numbers of the packages in which the merchandise is packaged.

10. 19 U.S.C. § 1484(a)(1)(B) provides in relevant part (added emphasis):

> (a)(1) Except as provided in Sections 1490, 1498, 1552, and 1553 of this Title, one of the parties qualifying as "importer of record" . . . either in person or by an agent authorized by the party in writing, shall, using reasonable care —

3

>> (B) complete the entry or substitute one or more reconfigured entries on an import activity summary statement, by filing with the Customs Service the declared values, *classification and rate of duty applicable to the merchandise*, and such other documentation or, pursuant to an electronic data interchange system, such other information as is necessary to enable the Customs Service to —
>
>> (i) *properly assess duties on the merchandise.*

11. 19 U.S.C. § 1485(a)(3) provides in relevant part:

> (a) Every importer of record making an entry under the provisions of Section 1484 of this title shall make and file or transmit electronically therewith, in a form and manner to be prescribed by the Secretary of the Treasury, a declaration under oath, stating —
>
>> (3) That all other statements in the invoice or other documents filed with the entry, or in the entry itself, are true and correct;

12. 18 U.S.C. § 542 provides in relevant part:

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any mater material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or
>
> Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission —
>
> Shall be filed for each offense under this title or imprisoned not more than two years or both.

13. The Defendant Tires were introduced into the United States contrary to the statutory provisions set out in 19 U.S.C. §§ 1481(a)(3), 1484(a)(1)(B), 1485(a)(3), and/or 18 U.S.C. § 542. Therefore, the Defendant Tires are subject to forfeiture pursuant to 19 U.S.C. § 1595a.

## RELEVANT BACKGROUND

14. Winland International, Inc. ("Winland") was incorporated in the state of Texas in 1997. Since that time, Winland has purported to sell tries to retailers and consumers. As part of its business, Winland imports tires from manufacturers in the People's Republic of China ("China")[1] into the United States for sale to retailers and consumer. Winland conducts its business operations from within the Southern District of Texas, specifically from locations in Houston and Missouri City, Texas. However, Winland imports tires via ports located throughout the United States, including Mobile, Alabama. Winland has also done business under the name "Super Tire."

15. At all times relevant to this complaint, Zheng "Miranda" Zhao ("Zhao") directed and controlled the operations of Winland and Super Tire. Also, during this same time frame, Kun "Bruce" Liu ("Liu") served as the Vice-President of Winland and Super Tire.

---

[1] All references to "China" in this complaint refer to the People's Republic of China, also known as "mainland China."

5

16. A grand jury in the Southern District of Texas has charged Zhao, Liu, and six other business associates and/or agents with violations of 18 U.S.C. § 1349 (wire fraud conspiracy), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 542 (importation fraud) for their roles in a decade-long scheme by Winland and Super Tire to (1) avoid import duties on tires manufactured in China; and (2) circumvent anti-dumping provisions regulating the importation of those tires. *See* Exhibit 1.[2]

17. In addition to the ongoing criminal case in the Southern District of Texas, Zhao and Liu, along with Winland and twelve other individuals, are currently defendants in a case pending in the Court of International Trade ("CIT"). The complaint in that matter alleges conduct that is the same or similar to the conduct described in both the criminal indictment and in this civil forfeiture complaint. *See* Exhibit 2. The litigation is currently stayed in the CIT.

18. In connection with this case, CBP seized multiple shipments of imported tires bound for Winland, including the three shipments encompassing the Defendant Tires seized at the Port of Entry in Mobile, Alabama. Other tires shipments were also seized in this case at the Ports of Entry in Newark, New Jersey; Charleston, South Carolina; Savannah, Georgia; Atlanta, Georgia; and San Francisco, California.

19. Pursuant to Winland filing claims for the seized tires, CBP made forfeiture referrals of the related seizures to the local U.S. Attorney's Office in each of the relevant judicial districts.

---

[2] The indictment attached in Exhibit 1 is marked "sealed." However, the United States has confirmed that this indictment is now unsealed.

## PROBABLE CAUSE

20. This section contains facts provided to the United States by Supervisory Import Specialist Lillian Imes with CBP. These facts are included for the limited purpose of establishing probable cause that the Defendant Tires are subject to forfeiture pursuant to 19 U.S.C. § 1595a. Accordingly, these may not be all of the facts known to CBP, Supervisory Import Specialist Imes, or others involved in this investigation.

## SHIPMENT 1 – FEBRUARY 9, 2021

21. On December 21, 2020, Winland filed documents with CBP in support of the importation of 598 tires from China. Specifically, Winland submitted manifest and entry documents under CBP entry number E6F-00010799, which listed a shipment of one container (MSKU0731850) containing tires loaded in China arriving at the Port of Mobile onboard the vessel MSC York.

22. CBP targeted this shipment and placed it on hold for inspection due to Winland's known history of utilizing a scheme to avoid paying anti-dumping duties on imported tires by falsifying entry documents required by federal law and regulations.

23. For this shipment under CBP entry number E6F-00010799, Winland falsely represented that Riversun Industries Limited ("Riversun") had exported the tires to the United States. *See* Exhibit 3.

24. Winland had actually imported these tires from Shandong Haohua Tire Company Limited ("Shandong").

25. By falsely declaring Riversun as the exporter instead of Shandong, Winland attempted to get the benefit of Riversun's more favorable anti-dumping and

countervailing duty ("ADD/CVD") rate, and therefore, avoid paying the correct amount of duty applicable to this portion of the Defendant Tires. At the time of importation, Riversun's ADD/CVD rate was 18.49% while Shandong's ADD/CVD rate was 20.05%.

26. Due to the false documentation submitted and the false representations made in support of the shipment, CBP personnel seized approximately 598 of the Defendant Tires on February 9, 2021.

### SHIPMENT 2 – FEBRUARY 10, 2021

27. On January 2, 2021, Winland filed documents with CBP in support of the importation of 476 tires from China. Specifically, Winland submitted manifest and entry documents under CBP entry number E6F-00011003, which listed a shipment of one container (MSKU0300873) containing tires loaded in China arriving at the Port of Mobile onboard the vessel Maersk Ontario.

28. CBP targeted this shipment and placed it on hold for inspection due to Winland's known history of utilizing a scheme to avoid paying anti-dumping duties on imported tires by falsifying entry documents required by federal law and regulations.

29. For this shipment under CBP entry number E6F-00011003, Winland falsely represented that Safe & Well International Trading Limited ("Safe & Well") had exported the tires to the United States. *See* Exhibit 4.

30. Winland had actually imported these tires from Sichuan Tyre and Rubber Co., Ltd ("Sichuan Tyre").

8

31. By falsely declaring Safe & Well as the exporter instead of Sichuan Tyre, Winland attempted to get the benefit of Safe & Well's more favorable ADD/CVD rate, and therefore, avoid paying the correct amount of duty applicable to this portion of the Defendant Tires. At the time of the importation, Safe & Well's ADD/CVD was 18.49% while Sichuan Tyre's rate was 107.07%.

32. Due to the false documentation submitted and the false representations made in support of the shipment, CBP personnel seized approximately 476 of the Defendant Tires on February 10, 2021.

### SHIPMENT 3 – FEBRUARY 11, 2021

33. On November 24, 2020, Winland filed documents with CBP in support of the importation of 2,938 tires from China. Specifically, Winland submitted manifest and entry documents under CBP entry number E6F-00011011, which listed a shipment of six containers (TGHU8812902; GESU5937077; MSKU8425687; MRKU5540601; TLLU5865410 and MSKU1568834) containing tires loaded in China arriving at the Port of Mobile onboard the vessel Maersk Taurus.

34. CBP targeted this shipment and placed it on hold for inspection due to Winland's known history of utilizing a scheme to avoid paying anti-dumping duties on imported tires by falsifying entry documents required by federal law and regulations.

35. For this shipment under CBP entry number E6F-00011011, Winland falsely represented that Safe & Well had exported the tires to the United States. *See* Exhibit 5.

36. Winland actually imported the tires from Sichuan Tyre.

37. By falsely declaring Safe & Well as the exporter instead of Sichuan Tyre, Winland attempted to get the benefit of Safe & Well's more favorable ADD/CVD rate, and therefore, avoid paying the correct amount of duty applicable to this portion of the Defendant Tires. At the time of the importation, Safe & Well's ADD/CVD was 18.49% while Sichuan Tyre's rate was 107.07%.

38. Due to the false documentation submitted and the false representations made in support of the shipment, CBP personnel seized approximately 2,938 of the Defendant Tires on February 11, 2021.

## CONCLUSION

39. The facts set forth in this verified complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Tires were introduced into the United States contrary to the statutory provisions of 19 U.S.C. §§ 1481(a)(2), 1484(a)(1)(B), 1485(a)(3), and/or 18 U.S.C. § 542. Accordingly, the Defendant Tires are subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a.

40. Pursuant to Supplemental Rule G, the United States respectfully requests that process of forfeiture be issued against the Defendant Tires; that due notice be given to all interested parties to appear and show cause for why the forfeiture should not be decreed; that the Defendant Tires be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Respectfully submitted this 9th day of February 2026.

        SEAN P. COSTELLO
        UNITED STATES ATTORNEY

        By: /s/ *Christopher J. Bodnar*
        Christopher J. Bodnar
        Assistant United States Attorney
        United States Attorney's Office
        63 S. Royal Street, Suite 600
        Mobile, Alabama 36602
        (251) 441-5845

## **VERIFICATION**

I, Lillian A. Imes, hereby declare and verify the following:

I am a Supervisory Import Specialist with the United States Customs and Border Protection. I declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture *In Rem*, and attest that the facts set out in paragraphs 21 through 38 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed this __9__ day of February 2026.

*/s/ Lillian Imes*
Lillian A. Imes
Supervisory Import Specialist
U.S. Customs and Border Protection